UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**DEZARAY COLYER**
2388 Syracuse Dr., Apt. 7
Green Bay, WI 54311,

Plaintiff,

v.

**FEDERAL COMPLAINT**
Court Case No. 26-cv-

**BROWN COUNTY JAIL**,
by **TODD DELAIN**, Brown County Sheriff,
Brown County Jail Administrator **HEIDI MICHEL,**
**OFFICER W. ROBINSON, OFFICER R. KENNEDY,**
**OFFICER D. DIMMER** and **OFFICER S. FREIMUND,**
3030 Curry Lane
Green Bay, WI,

Defendants.

---

NOW COME the above-named Plaintiff, **DEZARAY COLYER**, by and through her attorney, **WALTER W. STERN III,** and as for an action under 42 U.S.C. § 1983 and the United States Constitution, particularly the Due Process Clause of the 18th Amendment to the United States Constitution, together with her claims for relief against the above-named Defendants, alleges and shows the Court as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of Plaintiffs' civil rights.

## VENUE

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside or do business in this district and because the events and omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES TO THE ACTION

3. Plaintiff DEZARAY COLYER (hereinafter "COLYER") is a citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, COLYER was a pre-trial detainee at the Brown County Jail and was entitled to all rights, privileges, and immunities accorded all residents of the State of Wisconsin, and citizens of the United States, pursuant to the Constitution of the United States of America.

4. COLYER's serious medical and psychological needs were deliberately ignored and neglected while in custody at Brown County Jail, under the care/control of Brown County Jail Administrator HEIDI MICHEL, which the Plaintiff relied upon to provide adequate medical and psychological care. As a result of the deliberate indifference of the Defendants, COLYER sustained serious physical injuries, exacerbating his mental health issues.

5. Defendant BROWN COUNTY, under the administration of Sheriff TODD DELAIN, with offices located at 3030 Curry Road, Green Bay, Wisconsin, is a government entity operating under the laws of the State of Wisconsin. Defendants BROWN COUNTY and DELAIN established, operated and maintained the Brown County Jail ("the Facility") and, at all times material hereto, Defendants BROWN COUNTY and

DELAIN were responsible for the creation and implementation of policies and procedures at the Facility, ensuring that inmate's medical needs were not ignored.

6. Defendant HEIDI MICHEL is the Jail Administrator of the Brown County Jail and in said capacity is responsible for the training and supervising the employees of the Facility, the functional operation of the Facility and ensuring that the pre-trial detainees housed therein are safe and treated in a humane manner with regard to serious healthcare issues.

7. Defendant OFFICER W. ROBINSON (hereinafter "ROBINSON") is, or was at the time of the incident, a Correctional Officer employed by Defendant Brown County, and is a resident of the State of Wisconsin. Upon information and belief, he was one of the Correctional Officers on duty at the time of the incident and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

8. Defendant OFFICER R. KENNEDY (hereinafter "KENNEDY") is, or was at the time of the incident, a Correctional Officer employed by Defendant Brown County, and is a resident of the State of Wisconsin. Upon information and belief, he was one of the Correctional Officers on duty at the time of the incident and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

9. Defendant OFFICER D. DIMMER (hereinafter "DIMMER") is, or was at the time of the incident, a Correctional Officer employed by Defendant Brown County, and is a

resident of the State of Wisconsin. Upon information and belief, he was one of the Correctional Officers on duty at the time of the incident and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

10. Defendant OFFICER S. FREIMUND (hereinafter "FREIMUND") is, or was at the time of the incident, a Correctional Officer employed by Defendant Brown County, and is a resident of the State of Wisconsin. Upon information and belief, he was one of the Correctional Officers on duty at the time of the incident and had a duty to ensure that the conditions and the treatment of inmates complied with the United States Constitution and other federal, state, and local laws, as well as written Facility policies.

11. At all times material hereto, all individual Defendants were acting in the course of their employment, under color of state law, were deliberately indifferent to the Constitutional and statutory rights of COLYER, and are sued in their individual capacities.

**FACTS**

12. On November 13, 2023, COLYER was an inmate at the Brown County Jail after being returned to the facility from Mendota Mental Health Institution where she was being treated for psychosis. She was a pre-trial detainee at the time of the incident.

13. Upon her being sent back to the Facility, she became dehydrated as she had not been drinking water because, at the time, she believed there was something "in it." She

was also put on suicide watch and was forced to dress in the "turtle suit" utilized for inmates who expressed suicidal ideations, although COLYER had not done so.

14. COLYER asked numerous times to be taken to the nurse as she was too weak to even walk and knew she needed hydration.

15. Defendants KENNEDY and ROBINSON transferred COLYER to the nurse's office via a wheelchair.

16. The nurse attempted to put an IV into COLYER's right arm, but was unsuccessful as she missed the vein. She manipulated the needle several times in an effort to secure the IV into a vein, but was not able to do so.

17. COLYER pointed out to the nurse that there was a vein in her left arm that looked like it would be easy to access, but the nurse was, again, unsuccessful in finding the vein.

18. Eventually, the nurse placed the IV in COLYER's left hand, which was extremely painful. COLYER expressed to the nurse that she was very uncomfortable and asked that she remove the IV from her hand. She refused to do so.

19. Defendant KENNEDY unnecessarily raised his voice and told COLYER that the nurse was "trying to help" her. The nurse still would not remove the IV.

20. COLYER again asked the nurse to stop hurting her and to remove the IV. As the nurse refused, COLYER became frustrated with the constant pain and the nurse's refusal to help her. COLYER took it upon herself to rip the IV out of her hand to relieve the pain.

21. Defendant KENNEDY grabbed COLYER by the neck, twisted her neck, and took her down to the ground and out of the wheelchair. Defendant KENNEDY held COLYER

to the ground while pressing on her neck, while also holding his hand over her mouth. Defendants KENNEDY and/or ROBINSON also grabbed COLYER's arms while pinning her to the ground in an excessive manner, causing severe pain to COLYER.

22. The Correctional Officer Defendants surrounded COLYER and put her in a restraint chair, causing pain and humiliation to COLYER who was obviously still suffering from mental illness.

23. COLYER was still in throes of psychosis when she was returned to the Facility from Mendota Mental Health. The Facility did nothing to monitor or treat her mental health and were deliberately indifferent to her needs.

24. Despite COLYER's mental illness, Defendants used excessive force when it was not necessary and was in direct violation of COLYER's civil rights.

25. COLYER suffered physical injuries due to the Defendants' actions, together with pain, suffering and humiliation.

26. That Defendants, either individually or through their agents and/or employees, were deliberately indifferent to serious medical and psychological needs and intentionally deprived COLYER of medical treatment and acted with reckless disregard of COLYER's serious medical and mental health conditions, which were clearly evident, in violation of his 14th Amendment rights under the United States Constitution.

27. That the conduct of Defendants, either individually or through their agents and/or employees, were committed while acting under color of state law, and deprived COLYER of her clearly established rights, privileges, and immunities, in violation of the and 14th Amendment to the United States Constitution, and of 42 U.S.C. § 1983.

28. That Defendants, either individually or through their agents and/or employees, deprived COLYER of her individual rights, as follows:

a. Deliberately failing to properly train the Facility staff, including medical personnel providing medical care to residents therein, to properly assess and determine an inmate's need for medical treatment;

b. Deliberately failing to seek appropriate medical attention for COLYER's complaints the pain she expressed relative to the placement of the IV;

c. Deliberately failing to hire, train, maintain, and implement competent medical staff at the Facility;

d. Deliberately failing to discipline, instruct, supervise, and/or control the conduct of the medical staff and the Correctional Officers at the Facility, thereby encouraging the indifference and omissions complained of herein;

e. Deliberately allowing a custom and/or practice at the Facility of deliberately ignoring COLYER's complaints regarding her need for medical or mental health attention; and

f. Deliberately, willfully, and wantonly failing to ensure that the Facility provided appropriate medical and mental health care.

29. Based on the above-alleged facts, it is apparent that the Defendants, either individually or through their agents and/or employees, engaged in a habit, custom and routine practice of jeopardizing the physical and mental health of inmates, which imposes liability upon them as an entity because the deliberate indifference was a proximate cause of COLYER'S injuries.

30. That Defendants, either individually or through their agents and/or employees, participated in deliberate indifference to the medical needs of COLYER,

31. The above acts and omissions of the Defendants, either individually or through their agents and/or employees, constitute a course of conduct and failure to act amounting to willful, wanton and deliberate indifference to the rights, health, safety, and welfare of COLYER, and those similarly situated, resulting in the deprivation of her due process rights, pursuant to the 14th Amendment to the United States Constitution.

32. That the conduct of the Defendants, either individually or through their agents and/or employees, was a proximate cause of COLYER's physical and mental injuries, justifying an award of compensatory damages determined by the Jury.

33. That the Defendants' collective willful disregard for Plaintiff's health and well-being, their deliberate indifference to Plaintiff's medical and mental health needs warrant the award of punitive damages.

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendants, jointly and severally, as follows:

1. An award of compensatory damages determined by the Jury;
2. An award of punitive damages determined by the Jury;
3. An award of attorneys' fees and costs, pursuant to Title 42 U.S.C. 1988, as awarded by the Court;
4. Any other further relief as this Honorable Court deems just and equitable.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 29th day of October, 2026 By: s/ *Walter W. Stern III*

ATTY. WALTER W. STERN, III
Bar No. 1014060
920 85th St., Suite 123
Kenosha WI 53143
**Phone:** (262) 880-0192
**Fax:** (262) 997-1101
**Email:** wwstern111@gmail.com